## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| NEVADA STUCKING, | * | |
| | * | CIVIL ACTION |
| Plaintiff, | * | |
| | * | FILE NO. _____ |
| vs. | * | |
| | * | |
| KIA AMERICA, INC. f/k/a KIA | * | |
| MOTORS AMERICA, INC. and | * | |
| ABC, INC. 1-3, | * | |
| | * | |
| Defendants. | * | |

## PLAINTIFF'S COMPLAINT FOR DAMAGES

**COMES NOW** NEVADA STUCKING, in the above-styled action, by and through her attorneys of record, and files this first complaint for damages against KIA AMERICA, INC. f/k/a KIA MOTORS AMERICA, INC. and ABC, INC. 1-3 (collectively, "**Defendants**"), and shows this Court as follows:

## PARTIES

1.

Nevada Stucking ("**Plaintiff**") is domiciled in the state of Georgia and has been domiciled in the state of Georgia at all times relevant to this case.

2.

Kia America, Inc. f/k/a Kia Motors of America, Inc. ("**Defendant Kia**") is a foreign profit corporation existing under the laws of California with its principal

1

place of business at 111 Peters Canyon Road, Irvine, California 92606, and may be served through its registered agent, The Corporation Company (FL), 106 Colony Park Drive, Suite 800-B, Cumming, GA 30040-2794 (Forsyth County).

3.

ABC, Inc. 1-3 ("**Defendants ABC Inc. 1-3**") are currently unknown entities who may have liability in respect of the design, manufacture, distribution, sale, and/or otherwise operation of Kia vehicles including the vehicle purchased by Plaintiff.

**JURISDICTION AND VENUE**

4.

This Court has jurisdiction pursuant to 28 U.S.C. § 1332.  Federal diversity jurisdiction exists because Plaintiff is domiciled in Georgia, no Defendant is resident in Georgia, and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.00.  This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

5.

Venue in the Northern District of Georgia is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions on which the claims asserted herein occurred in this district and the subject contract was executed in the district. Additionally, Defendants have placed a product in the stream of commerce in this

district and have received substantial revenue and profits from the sales and leasing of said vehicles in this district.

## BACKGROUND/RECALLED by KIA/DEFECTIVE

6.

Prior to the incident giving rise to this complaint, Plaintiff purchased a white 2017 Kia Sportage with tag # CFK6041 ("**Kia Sportage**").

7.

In approximately April 2021, Plaintiff was getting her oil changed.  The technician informed Plaintiff that the engine was burning oil and that a number of Kia vehicles had been having problems.

8.

On or about April 30, 2021, Plaintiff received a recall notice from Defendants in the mail.  The recall notice stated that fires could start in Kia vehicles in certain circumstances:

Kia Motors has decided that a defect, which relates to motor vehicle safety, exists in certain 2017-2021 MY Sportage vehicles . . .  The defect can result in a fire in your vehicle's engine compartment.  Our records indicate that you own or lease one of the potentially affected vehicles.

. . .

The electrical circuit in the Hydraulic Electronic Control Unit (HECU) may short-circuit, possibly causing an engine compartment fire in the area where the Hydraulic Electronic Control Unit (HECU) is located, thereby increasing the risk of injury.  . . . a burning/melting odor and/or smoke from the engine compartment can occur.

. . .

Kia has advised its authorized dealers to replace certain fuses in the electrical junction box to prevent an over-current condition in the HECU's electrical circuit. In addition, for Sportage vehicles equipped with the Electronic Parking Brake (EPB), dealers will also update the HECU software with a newer version. . .  We recommend scheduling a service appointment to minimize inconvenience. . .

In the interest of the safety of your passengers, as well as your own safety, please immediately contact your Kia dealer to arrange for the recall repair to be conducted.

**_Park your vehicle outdoors and away from any other vehicles or structures until you have the recall repair performed_**.

[Emphasis in original.]

9.

Plaintiff was able to schedule a time for the "recall repair" to take place at Ed Voyles Kia dealership in Cobb County, Georgia.

10.

In August 2021, the dealership performed a multi-point inspection, upgraded the HECU software, and replaced the HECU fuses.

11.

On September 1, 2021, less than a month after the "recall repair" had taken place, Plaintiff was operating the Kia Sportage on West Walnut Avenue approaching its intersection with South Thornton Avenue in Dalton, GA 30720 (Whitfield County).

12.

Plaintiff was transporting a 15-year-old foster child to a therapist's appointment. The 15-year-old foster child was seated in the back seat.

13.

Plaintiff pulled into the left-turning lane intending to turn left onto South Thornton Avenue.

14.

Plaintiff was flagged down by another motorist who alerted her to the fact that the car was smoking really badly from underneath the car.

15.

Plaintiff intended to pull over, but before she could do that, the lights on the dashboard lit up and the car stopped functioning.  Plaintiff could not put the car in or out of gear.

16.

At that point, very thick black smoke started coming up by the windshield at the base of the windshield.  A lot of thick black smoke started billowing out of the car—so much so that Plaintiff's vision was obscured, and it would not have been safe for her to drive even if the Kia Sportage had been operative.

17.

When Plaintiff saw the smoke, she yelled for the minor passenger to get out of the car.  However, the child safety locks were on, which meant that the child was trapped inside the burning vehicle.

18.

Plaintiff was terrified.

19.

Plaintiff got out to open the door to help her minor passenger to escape.  At this point, it was pitch black in front of the Kia Sportage.  The thickness of the smoke increased extremely fast.  Huge circles of thick black smoke were billowing upwards.

20.

Plaintiff and the minor passenger then ran away from the car because Plaintiff was concerned that it was going to explode.

21.

When they got to the other side of the road, Plaintiff turned around and saw flames coming out of the base of the windshield.  The flames were the height of the windshield.

22.

Plaintiff heard loud popping sounds because the windshield was melting from the

flames, and it was making popping sounds as it was melting.

23.

If Plaintiff had not been able to escape from the Kia Sportage, she would have

been burned alive:



24.

The Kia Sportage was not able to be driven and had to be towed from scene.

25.

The Kia Sportage was totaled. Kia took possession of the vehicle and should still be in possession of the vehicle as evidence.

26.

Plaintiff did nothing to contribute to the conflagration.  At all times material hereto, Plaintiff conducted herself in a safe and lawful manner and did not in any way cause or contribute to the circumstances giving rise to this complaint.

27.

As a proximate result of Defendants' negligence, Plaintiff was caused damages including but not limited to property damage in the form of the disabling damage to Plaintiff's vehicle, out of pocket expenses, and lost wages.

## COUNT ONE
## STRICT  LIABILITY NEGLIGENCE / PRODUCTS LIABILITY

28.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 27 above as if fully restated.

The 2017 Kia Sportage has had multiple recalls:

29.

### Fire Risk

 In March 2021, Kia recalled **379,931 2017–2021** Kia Sportage vehicles without Smart Cruise Control due to a risk of fire in the engine compartment. The

electrical circuit in the Hydraulic Electronic Control Unit (HECU) may short circuit, which could cause  a fire while the car is parked or being driven. Owners should park their vehicles outside and away from structures and call their nearest dealership to schedule a free interim repair.

30.

Kia Motors America (Kia) is recalling certain 2017-2021 Sportage and Cadenza vehicles. The electrical circuit in the Hydraulic Electronic Control Unit (HECU) may short-circuit, which can cause a fire in the engine compartment.

31.

The conflagration occurred as a direct and proximate result of Defendants' negligence, failure to exercise ordinary care, and their disregard for the safety of others.

32.

Defendants were negligent in one or more of the following respects:

a.   they negligently designed, manufactured, distributed, advertised, and sold a defective product—namely, the 2017 Kia Sportage and it constituent parts;

b.   they negligently failed adequately to warn purchasers of the defects;

c.   they negligently failed to repair the defects;

d.   they negligently did not recall the entire vehicle, choosing rather to attempt to replace componentry and update software; and

e.      they exposed American citizens—including Plaintiff—to significant risk of severe injury and death.

### Strict Liability

Because the subject makes and model Kia Sportage 2017  vehicle has been recalled by Kia because **inter alia** **known engine failures and fire risks, it is deemed to be defective, and the legal standard is strict liability. Kia gave a recall notice to many owners of the 2017 Sportage in March of 2021.  Plaintiff took her 2017 Sportage in for " recall  repairs in August 2021 demonstrating Kia's prior knowledge of the defective and highly dangerous nature of this car as a fire risk and for engine failure. The incident giving rise to this lawsuit occurred on September 1, 2021, less than a month after Plaintiff had a Kia dealership perform a multi-point inspection, upgrade the HECU software and replace the HECU fuses.  HECU also knew years before this fire that the recall repairs did not work and Kia did not and could not repair the affected vehicle, such as the 2017 Kia Sportage.**

### DAMAGES

**Kia** reached a class action settlement with some affected KIA owners in 2021. Plaintiff in this action was not a party to the class action.

Plaintiff does not choose to be added to the subject  2024 Kia/Hyundai class action which reached a settlement  in 2024.

The statute of limitations in this property damages case has not expired.

The statute of limitations has been extended as far back to 2010 because of the egregious conduct of Kia.  Plaintiff is entitled to special damages and general damages that were and are foreseeable and or provided law for all provable damages that flow from Kia placing this dangerous vehicle into the stream of commerce while knowing of the highly dangerous nature of its defective vehicles and its components, particularly This case is related to the Raven v. Kia Motors case  currently pending

## COUNT TWO
## PUNITIVE DAMAGES

### 33.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 30 above as if fully restated.

### 34.

Defendants had prior knowledge of the defect in the 2017 Kia Sportage vehicles.

### 35.

Defendants deliberately prioritized profit margins over the safety of the public, including Plaintiff.

36.

Defendants' actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences such that an award of punitive damages is appropriate pursuant to O.C.G.A. § 51-12-5.1.

## COUNT THREE
## ATTORNEY'S FEES AND  COSTS

37.

Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 34 above as if fully restated.

38.

There is no bona fide controversy as to liability.

39.

Defendants have been stubbornly litigious, have acted in bad faith, and have caused Plaintiff unnecessary trouble and expense, thereby violating O.C.G.A. § 13-6-11.

**WHEREFORE**, Plaintiff prays that she has a trial on all issues and judgment against Defendants as follows:

a.     that Plaintiff recovers special damages, including but not

limited to lost wages, out of pocket expenses, and the full

value of Plaintiff's property damage in an amount to be

proven at trial;

b.      that Plaintiff recovers punitive damages;

c.      that Plaintiff recovers attorney's fees and costs;

d.      that Plaintiff recovers such other and further relief as is

just and proper;

and

e.      that all issues be tried before a jury.

This 3rd day of July 2024.


**WILLIAMS & ASSOCIATES
LAW FIRM, P.C**.

*/s/ Rita T. Williams*
Rita Tucker Williams
GA State Bar No.: 763978
***Attorney for Plaintiff***

220 Church Street
Decatur, GA  30030
(404) 370-3783
Email:  rtwilliams@williamsandassoc.com